# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| CHERITH EDWARDS, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 1:23-cv-233 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| TENNESSEE VALLEY FEDERAL | ) | Magistrate Judge Susan K. Lee |
| CREDIT UNION, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## ORDER

Before the Court is Plaintiffs Cherith Edwards and Ethan Hibbs' motions to dismiss (Doc. 43). Federal Rule of Civil Procedure 41(a)(2) provides in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Defendant Tennessee Valley Federal Credit Union ("TVFCU") asks that the Court award it attorney's fees and expenses as a condition of dismissal but otherwise does not oppose Plaintiffs' motion. (*See* Doc. 44.) Defendant also argues it is entitled to attorney's fees under the Tennessee Consumer Protection Act ("TCPA") because Plaintiff's TCPA claims were frivolous. (*See id.* at 2.)

A Court has the discretion to award attorney's fees and costs when a plaintiff moves to dismiss *without* prejudice but generally may not when the dismissal is with *prejudice*. *See Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 546 (N.D. Ohio 2007). While Plaintiffs initially moved to dismiss without prejudice (*see* Doc. 43), in their reply, Plaintiffs indicate that they are willing to dismiss this action with prejudice to alleviate any potential prejudice to Defendant.

(*See* Doc. 45, at 4.)  Accordingly, the Court will not award Defendant attorney's fees and costs

pursuant to Rule 41(a)(2).  Plaintiffs' motion to dismiss (Doc. 43) is **GRANTED** and their

claims against Defendant are **DISMISSED WITH PREJUDICE**.  The Clerk is directed to close

the case.

The TCPA provides that a court may award a defendant attorney's fees "upon finding

that the action is frivolous, without legal or factual merit, or brought for the purpose of

harassment." Tenn. Code Ann. § 47-18-109(e)(1).  The purpose of the attorney's fee provision is

to "discourage consumers from using the Act to file frivolous or baseless claims." *Glanton v.

Bob Parks Realty*, No. M200301144COAR3CV, 2005 WL 1021559, at *9.  An action is

"without legal or factual merit" if it is "so utterly lacking in an adequate factual predicate or legal

ground as to make the filing of such a claim highly unlikely to succeed." *Id*.  However, even if a

court finds that a TCPA claim is frivolous, "the decision to award attorneys' fees . . . [is] within

the sound discretion of the trial court." *Alexander Realty Cap., Inc. v. Laurel Cove Dev., LLC*,

No. 3:07-0755, 2009 WL 541340, at *12 (M.D. Tenn. Mar. 4, 2009) (citing *Glanton*, 2005 WL

1021559, at *9).  Furthermore, when a complaint contains non-TCPA claims, courts should only

award the fees a party incurred defending the frivolous TCPA claims. *See id.* at *13.

Here, the Court dismissed Plaintiffs' TCPA claims pursuant to Rule 12(b)(6), stating:

> It is unclear whether Plaintiffs bring their TCPA claim against TVFCU.  Plaintiffs
> assert that 'Defendants' actions constitute a violation of the Tennessee Consumer
> Protection Act,' but, in their briefing, Plaintiffs point only to actions taken by
> Appraiser Defendants.  Plaintiffs fail to identify any action TVFCU took that
> would violate TCPA, and the Court cannot independently discern such an action.

(*See* Doc. 37, at 13 (citations omitted).)  The Court further noted that Plaintiff's sole factual

allegation regarding TVFCU was "that [it] used an old appraisal to determine whether to give

Plaintiffs a loan" and that this practice was not prohibited by the TCPA.  (*Id.*)  Plaintiff argues

that its TCPA claims were not frivolous because they "was grounded in an interpretation of

TVFCU's conduct and communications regarding the alleged errors in the appraisal process." (Doc. 45, at 4.)  However, Plaintiffs do not explain what that interpretation was or how it led them to bring a TCPA claim against TVFCU.

The Court agrees that there is a question as to whether Plaintiffs' TCPA claims were frivolous and whether Defendant is entitled to attorney's fees.  However, neither party has significantly briefed this issue (*see generally* Docs. 44, 45), nor has Defendant provided a calculation of the fees it incurred defending Plaintiffs' TCPA claims.  Accordingly, Defendant **SHALL** file any motion for attorney's fees under the TCPA, including a calculation of its costs, on or before **January 20, 2025**.  Plaintiffs **SHALL** file any response on or before **January 27, 2025**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**